# IN THE COURT OF APPEALS OF IOWA

No. 14-0527
Filed April 8, 2015

**DEMONT MOORE,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Henry W. Latham II,

Judge.

Defendant appeals from the dismissal of his third application for

postconviction relief. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Maria Ruhtenberg,

Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney

General, MIchael J. Walton, County Attorney, and Amy Devine, Assistant County

Attorney, for appellee State.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**DANILSON, C.J.**

Demont Moore appeals from the dismissal of his third application for postconviction relief (PCR) as being time-barred. Moore maintains his PCR counsel was ineffective for failing to develop a record regarding newly discovered evidence. Because Moore's counsel has no duty to raise a meritless issue, we affirm.

**I. Background Facts and Proceedings.**

On July 21, 2002, Deanna Shipp was shot and killed in a drive-by shooting in Davenport, Iowa. During the investigation, a number of guns, bullets, and shell casings were seized and tested. A lab report detailing the results of tests on the various items was included with the minutes of testimony filed with the trial information. Moore was among a number of people who were arrested and charged with involvement in the shooting. He was charged with murder in the first degree, willful injury, and terrorism with intent.

Pursuant to a plea agreement, Moore pled guilty to attempted murder on January 14, 2003. On February 3, 2003, he was sentenced to an indeterminate term of incarceration not to exceed twenty-five years.

Moore filed a direct appeal from his conviction, but he later withdrew it.

He filed his first application for PCR on January 23, 2004. The district court denied the application, and Moore appealed. The appeal was dismissed as untimely.

Moore filed his second application for PCR on October 6, 2005. The application was also denied. Moore appealed, and we affirmed the denial in

*Moore v. State*, No. 07-0420, 2008 WL 2357730, at *1 (Iowa Ct. App. June 11, 2008).

On November 23, 2011, Moore filed his third application for PCR, which is the subject of this appeal. Moore claimed the State withheld information about three Remington shell casings that were exculpatory.[1] In its answer, the State denied the allegations and urged dismissal of the application as time-barred.

The district court held a hearing on the application on February 8, 2014. The court found that the evidence Moore maintained was newly discovered was not in fact new, and thus Moore's application was time-barred. The court granted the State's request for summary disposition on March 14, 2014. Moore appeals.

**II. Standard of Review.**

We typically review postconviction-relief proceedings on error. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). However, when the applicant asserts claims of a constitutional nature, our review is de novo. *Id.* Thus, here we review the applicant's claim of ineffective assistance de novo. *Id.*

**III. Discussion.**

It is undisputed Moore's third application for PCR was filed outside of the three-year statute of limitations. *See* Iowa Code § 822.3 ("All other applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." However, Moore maintains his application was not untimely because of newly discovered exculpatory evidence. *See id.* ("This limitation does not apply to a

---

[1] Moore also claimed the judge who presided over his original plea and sentencing should not have been allowed to preside over his PCR action because of a conflict of interest. Moore does not re-assert the claim on appeal, and we consider it waived.

ground of fact or law that could not have been raised within the applicable time period."). He maintains PCR counsel was ineffective for failing to develop a record on the issue of newly-discovered evidence, which would have excused his otherwise untimely application.

In order to prevail on his ineffective-assistance claim, Moore must show "(1) counsel failed to perform an essential duty and (2) prejudice resulted." *Bowman v. State*, 710 N.W.2d 200, 203 (Iowa 2006). Both elements must be proved by a preponderance of the evidence. *State v. Null*, 836 N.W.2d 41, 48 (Iowa 2013). If Moore fails to prove either element, his claim must fail. *See State v.* Liddell, 672 N.W.2d 805, 809 (Iowa 2003).

Moore claims his attorney failed to create a record that proved his application for postconviction relief was not time-barred. PCR counsel examined Moore at the hearing, and it is clear Moore's theory, related to or arising from the shell casing, was not new evidence because the shell casings were listed as exhibits in the minutes of testimony attached to the trial information. Because counsel has no duty to raise a meritless issue, Moore's ineffective claim fails. *See State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009) ("[C]ounsel has no duty to raise an issue that has no merit.") We affirm.

**AFFIRMED.**